UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DEMOND TRAVELLE BOONE,           )
                                 )
            Plaintiff,           )
                                 )
v.                               )          Case No. 25-CV-0492-CVE
                                 )
SUBWAY, JOSHUA RICHARDS          )
"J. VAN DYKE," and PATRICIA      )
GARCIA RICHARDS,                 )
                                 )
            Defendants.          )

## OPINION AND ORDER

Now before the court are plaintiff's complaint (Dkt. # 1), and motion to proceed in forma pauperis (Dkt. # 3). Plaintiff Demond Travelle Boone, proceeding pro se, has filed an action in this Court against "Subway - as a corporation" as well as two named individuals, Joshua ("J. Van Dyke") and Patricia Garcia Richards. Dkt. # 1, at 1. Plaintiff generally alleges "fraud," "grand larceny," and "launder of money," against defendants who are of unspecified citizenship, for unspecified damages, and on an unspecified jurisdictional basis. Id. For the reasons that follow, the Court dismisses plaintiff's claim for lack of subject-matter jurisdiction, and finds that plaintiff's motion to proceed in forma pauperis is moot.

Federal courts are courts of limited jurisdiction and lack the power to hear any case that is beyond their subject-matter jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (defining federal subject-matter jurisdiction as "the courts' statutory or constitutional power to adjudicate the case"). The party invoking federal jurisdiction bears the burden of "alleg[ing] facts demonstrating the appropriateness of invoking judicial resolution of the dispute." New Mexicans for Bill Richardson

v. Gonzalez, 64 F.3d 1495, 1499 (10th Cir. 1995) (citing Renne v. Geary, 501 U.S. 312, 317 (1991));

McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936).  Even if a party

has not raised the issue of jurisdiction, federal courts "have an independent obligation to determine

whether subject-matter jurisdiction exists."  Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

A court may raise the issue of subject-matter jurisdiction sua sponte and at any stage of litigation.

1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006); Tafoya

v. U.S. Dep't of Just., 748 F.2d 1389, 1390 (10th Cir. 1984) ("Insofar as subject matter jurisdiction

is concerned, it has long been recognized that a federal court must, sua sponte, satisfy itself of its

power to adjudicate in every case and at every stage of the proceedings and the court is not bound

by the acts or pleadings of the parties.").  Under Federal Rule of Civil Procedure 12(h)(3), if a court

raises the issue of subject-matter jurisdiction and finds that it lacks jurisdiction, it must dismiss the

case.

In cases where the proponent of federal subject-matter jurisdiction is proceeding pro se, as

plaintiff is here, a court must hold that litigant's pleadings to "less stringent standards than formal

pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a court is in

no position to " supply additional factual allegations to round out a plaintiff's complaint or construct

a legal theory on a plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir.

1997).  Put differently, this liberal standard "does not relieve the plaintiff of the burden of alleging

sufficient facts on which a recognized legal claim could be based."  Hall v. Bellmon, 935 F.2d 1106,

1110 (10th Cir. 1991).

Here, plaintiff offers no factual allegations, no theory of liability, and no statement of the

Court's jurisdiction.  Plaintiff's complaint consists of two sentences, one that states he is a citizen

of California and one that describes vague allegations of "grand larceny" as well as "launder[ing] of money" and "false pretense to financial also - federal institution." Dkt. # 1, at 1. Although the Court must excuse a <u>pro se</u> litigant's failure to "cite proper legal authority, . . . confusion of various legal theories, [and] . . . poor syntax and sentence structure," here plaintiff offers no legal authority, no legal theory, and only two sentences from which the Court is left to discern whether it has the power to hear plaintiff's claim. <u>Hall</u>, 935 F.2d at 1110. In his brief complaint, plaintiff does not invoke any federal statute under which a federal question arises. <u>See</u> 28 U.S.C. § 1331. Likewise, plaintiff fails to allege that complete diversity exists among the parties and that the amount in controversy exceeds $75,000. <u>See</u> 28 U.S.C. § 1332(a). Plaintiff does state that he is a citizen of California (Dkt. # 1, at 1; Dkt. # 4, at 1); however, he makes no mention of the defendants' citizenships, nor does he state what relief he seeks, or that it meets the minimum required amount in controversy. As plaintiff has neither indicated on what basis or bases he seeks to invoke federal subject-matter jurisdiction nor made the requisite showing, the Court is thus left to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(h)(3).

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed <u>in forma pauperis</u> (Dkt. # 3) is **moot**.

**DATED** this 1st day of October, 2025.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE